UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>OMAR SALAZAR,<br><br>　　　　　Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

　　　This matter comes before the Court on Defendant Omar Salazar's Motion for Sentence Reduction. Dkt. #933. Defendant moves for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #936. No reply brief was filed by the deadline set by the Court.

　　　In June of 2024, Mr. Salazar pled guilty to Conspiracy to Distribute Controlled Substances. *See* Dkt. #841. Specifically, on several occasions in 2019 Salazar and his brother-in-law supplied a total of at least 1,500 grams of heroin and an undetermined amount of methamphetamine to co-conspirators and members of an associated drug distribution organization. *Id.* at 5–6. After his arrest in this case, while Salazar was in custody pending trial, he was charged with unlawfully possessing methamphetamine and suboxone inside the Bureau of Prisons facility. Salazar pled guilty to this too; as part of the Plea Agreements, the Government

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

agreed to recommend a custodial term of 72 months for the drug conspiracy offense, and 12 months for the FDC drug possession offense, to run consecutively to each other.

At the sentencing hearing on November 15, 2024, this Court adopted Probation's sentencing calculations as stated in the Presentence Report, Dkt. #866=5. Probation calculated Salazar's sentencing range as 108 to 135 months for the drug conspiracy and 12-18 months for the FDC drug possession based on a Total Offense Level of 29 and six criminal history points, criminal history Category III. *Id.* He was not assessed any status points for being on probation or parole or for being under any other criminal justice sentence at the time of his offense. The Court then varied downward significantly, imposing a custodial sentence of 72 months, well below the applicable range. *See* Dkt. #885 at 2; Case No. CR24-099RSM, Dkt. #18 at 2.

Salazar continues to serve these consecutive sentences, with a BOP projected earliest release date in April 2029.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified two sections of Amendment 821 that may be applied retroactively pursuant to this authority, commonly referred to as the "Status Points" and "Zero-Point Offender" amendments, and has articulated the policy and proper procedure for implementing those amendments.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e)3 in the 2023 Edition of the Sentencing Guidelines. A person who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of the two points that were awarded in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that Mr. Salazar was not assessed any "status points" in connection with his original sentencing calculation, nor is there any suggestion in the Presentence Report that he was under a criminal justice sentence such as probation or parole at the time of the offense. *See* Dkt. #936 at 6–7. The above amendments were in effect at the time of sentencing and do not change the Court's analysis. Defendant offers no responsive argument to this. Accordingly, the amendment reducing status points assessment for certain status offenders does not lower his criminal history category or sentencing range.

Mr. Salazar does not appear to argue for a Zero Point offender adjustment, *see* Dkt. #933 at 1, and the Court concludes that he would not qualify for this because he scored six criminal history points. *See* USSG § 4C1.1(a)(1).

Given all of the above, this Motion will be denied and the Court need not consider the § 3553(a) factors.

ORDER DENYING MOTION TO REDUCE SENTENCE – 3

Having considered Defendant's motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Salazar's Motion for Sentence Reduction, Dkt. #933, is DENIED.

DATED this 20th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE